IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

SARAH SEALS                                                              PLAINTIFF

V.                              NO: 2:05CV00096

MID DELTA COMMUNITY SERVICE, INC., et. al.            DEFENDANTS

### ORDER

Pending is Defendants' motion for summary judgment. (Docket # 21). Plaintiff has responded and Defendants have filed a reply. For the reasons set forth herein, Defendants' motion is denied.

### Facts

Plaintiff was employed in 1992 by Mid-Delta Community Services, Inc. ("Mid-Delta"), as a Teacher Aide in the Head Start program. Plaintiff was assigned to the Elaine, Arkansas center. Defendant alleges that in the summer of 2004 Mid-Delta became aware that it would be required to make cuts in its Head Start program because of a decrease in student enrollment. The decrease in enrollment occurred in Eastern Phillips and Monroe counties where Mid-Delta operated two Head Start programs at Lakeview and Elaine.

Prior to the reduction in force, the Lakeview center had two Head Start classes and the Elaine center had one Head Start class. Sarah Seals, Leslie Ross and Alice Childs, all black females, were the teacher aides assigned to the classes. Linda King, the Head Start Director, reviewed each of these employees' personnel files and recommended that Mid-Delta retain Ross and Childs based upon their commitment toward obtaining additional educational credits. Margaret Staub, Executive Director of Mid-Delta adopted King's recommendation. Plaintiff was

terminated August 5, 2004.

Plaintiff disputes that a reduction in force occurred and alleges that she was terminated because of her race and because she supported another black employee in an employment dispute with Mid-Delta. Plaintiff's remaining causes of action[1] are for violations of 42 U.S.C. §1981 based upon race and for breach of contract based upon the employee handbook. Defendants contend that summary judgment is proper at this time.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

---

[1]Plaintiff's causes of action alleging claims pursuant to the First Amendment, Fourteenth Amendment and the Arkansas Civil Rights Act based on age discrimination were dismissed on September 19, 2005.

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

To establish a prima facie case of discrimination in a reduction in force context under Section 1981, the plaintiff must: (1) show that she was within the protected racial group; (2) show that she met applicable job qualifications; (3) show that she was discharged; and (4) produce some additional evidence that a prohibited criterion such as race was a factor in her termination. *Herrero v. St. Louis University Hosp.*, 109 F.3d 481, 483-84 (8th Cir. 1997), *citations omitted*.

In a non-reduction in force context, the plaintiff must show: (1) that she was a member of a protected group; (2) that she was meeting the legitimate expectations of her employer; (3) that she suffered an adverse employment action; and (4) that similarly situated employees, who are not members of the protected group were treated differently. *Clark v. Runyon,* 218 F.3d

915 (8th Cir. 2000).[2]

Under both analyses, once a *prima facie* case is established, a rebuttable presumption of discrimination arises and the burden then shifts to the employer to articulate a legitimate nondiscriminatory business reason for its actions. *McDonnell Douglas Corp.v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973). Once such a reason is produced, "the presumption disappears and the [plaintiff] bears the burden of proving that the proffered reason was pretextual and the real reason for the termination was discrimination." *Thomas v. First Nat'l Bank,* 111 F.3d 64,66 (8th Cir. 1997).

It is undisputed that Plaintiff satisfies the first three elements of either *prima facie* case. Defendant contends that Plaintiff cannot produce additional evidence that race was a factor in the elimination of her job position with Defendant. Alternatively, Defendant argues that it had a legitimate non-discriminatory reason for its actions and Plaintiff cannot establish that the reason for the termination was pretext for discrimination.

Plaintiff contends that her case is more akin to discrimination by association. Courts have recognized claims of discrimination by association in situations in which individuals who are not a member of a protected class allege discrimination based upon their association with an individual who is a member of a protected class. This factual scenario is not presented in this case.

Plaintiff asserts that no reduction in force occurred and her termination was based upon her race. Although not briefed by either party, Plaintiff's complaint appears to articulate a claim

---

[2] "The elements of a Title VII disparate treatment claim and a § 1981 claim are identical". *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1056 (8th Cir.1997).

4

for retaliation based upon Plaintiff's support of an African-American co-worker in a previous dispute with Mid-Delta. In order to establish a prima facie case of retaliation, Plaintiff must show that she engaged in protected activity, that an adverse employment action occurred, and that there was a causal connection between the two. *Bainbridge v. Loffredo Gardens, Inc.*, 378 F. 3d 756, 760 (8th Cir. 2004).

Plaintiff has presented evidence creating a question of fact as to whether a reduction in force occurred. Further, Plaintiff has presented sufficient evidence to create a question of fact regarding whether her termination resulted from race or from her support of Ms. Davis in a previous dispute with Mid-Delta. The Court finds that Plaintiff has presented sufficient evidence on her §1981 claim against Mid-Delta to preclude the entry of summary judgment. The Court finds that Plaintiff has presented little evidence to support her breach of contract claim or her §1981 claim against Margaret Staub, individually. However, because this case is to be tried to the Court, the Court will defer its rulings on these issues to the time of trial.

Accordingly, Defendant's motion for summary judgment, docket # 21 is denied.

IT IS SO ORDERED this 6th day of March, 2006.

James M. Moody
United States District Judge